1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
8
## DISTRICT OF NEVADA
9
10

STRIKE 3 HOLDINGS, LLC,                    Case No.: 2:18-cv-01540-JCM-NJK
11
      Plaintiff(s),
12                                                                    **ORDER**

v.                                                          [Docket No. 4]
13
JOHN DOE SUBSCRIBER ASSIGNED IP
14 ADDRESS 70.175.32.31,

15       Defendant(s).

16       This is a copyright case in which Plaintiff alleges infringement through the BitTorrent

17 protocol. *See* Docket No. 1. Pending before the Court is Plaintiff's *ex parte* motion for leave to

18 obtain discovery from an Internet Service Provider to ascertain Defendant's identity. Docket No.

19 4.

20       The Ninth Circuit has held that, where the identity of a defendant is unknown prior to the

21 filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the

22 unknown defendant, unless it is clear that discovery would not uncover the identity of the

23 defendant, or that <u>the complaint would be dismissed on other grounds</u>. *See Wakefield v. Thompson*,

24 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir.

25 1980)).

26       In the context of BitTorrent copyright infringement, the Ninth Circuit has recently held that

27 a plaintiff bears the burden of pleading factual allegations that create a reasonable inference that

28 the defendant is the infringer. *Cobbler Nevada, LLC v. Gonzales*, __ F.3d ___, 2018 WL 4055766,

at *3 (9th Cir. Aug. 27, 2018). Pleading a defendant's "status as the registered subscriber of an infringing IP address, standing alone, does not create a reasonable inference that he is also the infringer. Because multiple devices and individuals may be able to connect via an IP address, simply identifying the IP subscriber solves only part of the puzzle. A plaintiff must allege something more to create a reasonable inference that a subscriber is also an infringer." *Id.* at *1. Hence, a complaint that traces infringement to a particular IP address and pleads that the IP address is registered to the defendant is insufficient to state a claim. *Id.* at *3.

The Court has not located any case law addressing the interplay between the standard for expedited discovery and the pleading standard articulated in *Gonzales*. Moreover, the pending motion acknowledges that the complaint must be able to survive a motion to dismiss to obtain this discovery, but it does not address how the complaint has done so in light of *Gonzales*. *See* Docket No. 4 at 9-11. The motion also does not argue that the pleading standard in *Gonzales* is inapplicable to the determination of the sufficiency of the complaint required at this stage.

Accordingly, the pending motion is hereby **DENIED** without prejudice. Any renewed motion must discuss explicitly (1) whether the *Gonzales* pleading standard applies to the Court's inquiry deciding whether Plaintiff may obtain discovery into the defendant's identity and (2) whether the complaint in this case has sufficiently pled a claim if that standard does apply at this juncture.[1] Any renewed motion shall be filed within 14 days of the issuance of this order.

IT IS SO ORDERED.

Dated: September 18, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The Court expresses no opinion herein as to either issue.