UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff(s),<br><br>v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 70.175.32.21,<br><br>    Defendant(s). | Case No.: 2:18-cv-01540-JCM-NJK<br><br>**ORDER**<br><br>[Docket No. 6] |

Plaintiff alleges infringement of its copyrights to various pornographic material through the BitTorrent protocol. *See* Docket No. 1. Pending before the Court is Plaintiff's renewed *ex parte* motion for leave to obtain discovery from an Internet Service Provider ("ISP") to ascertain Defendant's identity. Docket No. 6. Plaintiff submits that it is suing Defendant for using the Internet to commit direct copyright infringement and, since the alleged infringement occurred over the Internet, Plaintiff knows the Defendant only by his or her Internet Protocol ("IP") address. *Id*. at 2. Plaintiff therefore seeks an order allowing it to subpoena the Defendant's ISP for his or her true name and address. *Id*. at 3.

The Ninth Circuit has held that, where the identity of defendants is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendant, unless it is clear that discovery would not uncover the identities of the defendants, or that the complaint would be dismissed on other grounds. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)).

1

These requirements are satisfied in this case[1] and, for good cause shown, Plaintiff's *ex parte* motion for discovery is **GRANTED** as follows:

- Plaintiff may serve a Rule 45 subpoena upon the identified ISP, along with a copy of this order.
- The subpoena will demand only the true name and physical address for the account holder to whom the relevant IP address was assigned at the date(s) and time(s) that the alleged infringement activity occurred.
- To the extent the ISP qualifies as a "cable operator," the provisions of 47 U.S.C. § 551(c)(2)(B) must satisfied, including providing notice of this order.
- Plaintiff will use the information it obtains from the ISP in response to this subpoena solely to prosecute the instant case.
- If neither a motion to quash the subpoena nor a motion to dismiss the complaint has been filed by that date, Plaintiff shall file a status report by January 22, 2019.[2]

IT IS SO ORDERED.

Dated: October 22, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Pleading a defendant's "status as the registered subscriber of an infringing IP address, standing alone, does not create a reasonable inference that he is also the infringer. Because multiple devices and individuals may be able to connect via an IP address, simply identifying the IP subscriber solves only part of the puzzle. A plaintiff must allege something more to create a reasonable inference that a subscriber is also an infringer." *Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1144 (9th Cir. 2018). It is not clear whether Plaintiff will be able to meet this pleading standard. It is also not clear that the instant discovery (limited to the name and physical address of the registrant of the IP address) will meaningfully advance Plaintiff's ability to meet this pleading standard. Nonetheless, the Court is aware of no case law preventing the discovery of a doe defendant's identity based on the copyright holder's current inability to meet the *Cobbler* pleading standard. Absent further guidance to the contrary, the Court will not preclude the discovery sought through application of this pleading standard at this juncture. Nothing herein should be construed as preventing the defendant from challenging the sufficiency of the pleadings through a motion to dismiss or otherwise.

[2] The Court defers ruling on whether a protective order should be entered. *Cf. In re Strike Three Holdings, LLC Cases*, 2018 WL 2949829, at *2-3 (E.D. Cal. June 13, 2018) (discussing privacy concerns given the pornographic nature of the copyrighted material and the potential that the IP registrant is not the alleged infringer).